The opinion of the Court was delivered by
Fenner, J.
Tho object of this suit is to destitute the executors and to enforce the penalties provided by R. S., Sections 1465 and 1463, on the grounds:
1. That they have failed to file accounts once in every twelve months.
2. That they have not deposited moneys in bank, and have paid debts without order of Court.
*534 The petition was originally filed in the- name of the congregation, as if it were a corporation. Exception was filed that, not being incorporated, the congregation could not sue in that form. The exception was undoubtedly good. Workingmen’s Bk. vs. Converse, 29 A. 369; 12 Rob. 428; 3 A. 551; 15 A. 441.
The authority of the Court to allow the plaintiff to amend by substituting the names of the members, is not questioned; but, in granting this permission, the Court should have sustained, and not overruled the exception. This, however, is of slight consequence. Before the amended petition was served, the defendants filed their account, which is the subject of opposition by the plaintiff, In another appeal, now under submission. This should, perhaps, end the case, so far as the failure to account is concerned, for we consider it very questionable whether an action to destitute on this ground could possibly lie, after account filed.' Indeed, it was held by this Court, in one case, that the sole remedy of the creditor, in such case, was to apply to the Court for an order to file account, and only on failure to comply with such order, to demand the removal. Sue. Head, 28 A. 800.
However this may be, it is well settled that the enforcement of the penalties, provided for this and similar defaults of executors and administrators, is a matter within the sound discretion of the Court. We find nothing in this case to call for their infliction. Defendants have filed an account, the fulness and completeness of which is not disputed. The debts paid by them, without order of Court previously obtained, are shown to have been justly due. They are not proved to have made any improper use of succession funds, and are excused for not depositing them in bank, by the fact that there was no bank in the parish. On the whole, we think the demand of plaintiff was properly rejected.
Judgment affirmed, at appellant’s costs.